# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., <br><br> Plaintiff, <br><br> v. <br><br> SOLORANO, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-01096-JDP (PC) <br><br> ORDER GRANTING PLAINTIFF'S FIRST APPLICATION TO PROCEED IN *FORMA PAUPERIS* AND DENYING HIS SECOND AS MOOT <br><br> ECF Nos. 2 & 9 <br><br> SCREENING ORDER THAT PLAINTIFF: <br><br> (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL, OR <br><br> (2) FILE AN AMENDED COMPLAINT <br><br> ECF No. 1 <br><br> THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, brings this claim against eleven different defendants employed at Old Folsom State Prison. ECF No. 1 at 2-3. I have screened the complaint and determined that the complaint contains multiple, unrelated claims against more than one defendant. I will grant plaintiff an opportunity to amend and narrow his claims before recommending dismissal of claims or parties. Additionally, I will grant his first application to proceed *in forma pauperis*, ECF No.

1

2, and deny his second, ECF No. 9, as moot.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff raises at least four unrelated claims against more than one defendant. First, he alleges that, on March 21, 2022, defendants Solorano and Morris failed to protect him after he was assaulted by another inmate. ECF No. 1 at 5. Second, he alleges that, on that same date and while he was in "the tank" after his fight with another inmate, defendant Eckhardt conducted a retaliatory search of his cell. *Id.* at 6. Next, he alleges that the following day, March 22, 2022, several other correctional officers failed to protect him from a second assault by three other inmates. *Id.* at 7. Finally, he alleges that a "Doe" defendant denied him medical attention after his altercations with the other inmates. *Id.* at 10. Multiple, unrelated claims against more than one defendant belong in separate lawsuits. See Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). These various claims involve different facts and defendants and are not sufficiently related to proceed in the same lawsuit.

Plaintiff may amend his complaint to include only related claims. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that claims or parties be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED and his second application, ECF No. 9, is DENIED as moot.

2. Within thirty days from the service of this order, plaintiff must either file an Amended

3

Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that claims or parties be dismissed.

    3. Failure to comply with this order may result in the dismissal of this action.

    4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    September 9, 2022                            /s/ Jeremy Peterson
                                                              JEREMY D. PETERSON
                                                              UNITED STATES MAGISTRATE JUDGE