UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, Jr., | No. 2:22-cv-01096-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| SOLORANO, *et al.*, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff asks that the court appoint counsel. ECF No. 39.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. U. S. Dist. Ct.*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of

legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff requests the appointment of counsel because this matter is complex, he is not a lawyer and is unable to afford one, and he fears that he will be unable to obtain discovery from defendants or access legal materials. Should plaintiff face challenges obtaining relevant discovery from defendants or is completely unable to access legal materials, he may file a motion seeking the court's assistance. After considering the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, ECF No. 39, is denied without prejudice.

IT IS SO ORDERED.

Dated:   May 9, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2