UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>SOLORANO, *et al.*,<br><br>Defendants. | No. 2:22-cv-01096-KJM-JDP (PC)<br><br>ORDER REFERRING CASE TO POST-SCREENING EARLY ADR AND STAYING CASE FOR 120 DAYS |

    Plaintiff is a state prisoner proceeding without counsel. At least one defendant has waived service of process.

    The undersigned is referring all post-screening civil rights cases filed by pro se state inmates to Post-Screening Early ADR (Alternative Dispute Resolution) in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in Early ADR. No defenses or objections shall be waived by their participation.

    As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. Thus, the court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

////

////

1

There is a presumption that all post-screening prisoner civil rights cases assigned to the undersigned will proceed to settlement conference.[1] However, if after investigating plaintiff's claims and speaking with plaintiff, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of Early ADR. A motion to opt out must be filed within sixty days of the date of this order.

Once the settlement conference is scheduled, at least seven days prior to the conference, the parties shall submit to the settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statements shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case. Defendant shall e-mail the settlement conference statement to the settlement judge's e-mail box for proposed orders, available on the court's website. Plaintiff shall place his settlement conference statement in the U.S. mail addressed to the settlement conference judge, United States District Court, 501 I Street, Sacramento, CA 95814. Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

2. Within sixty days from the date of this order, defendants shall file any motion to opt out of Post-screening Early ADR.

---

[1] If the case does not settle, the court will set a date for the filing of a responsive pleading.

1         3. At least seven days prior to the settlement conference, each party shall submit a
2  confidential settlement conference statement, as described above, to the settlement judge.
3  Defendant shall e-mail the settlement conference statement to the settlement judge's proposed
4  orders e-mail address.  Plaintiff shall place his settlement conference statement in the U.S. mail
5  addressed to the settlement judge, United States District Court, 501 I Street, Sacramento, CA
6  95814.  Plaintiff shall mail his settlement conference statement so that it is received by the court
7  at least seven days before the settlement conference.
8         4. If a settlement is reached at any point during the stay of this action, the parties shall file
9  a Notice of Settlement in accordance with Local Rule 160.
10        5. The parties remain obligated to keep the court informed of their current addresses at all
11  times during the stay and while the action is pending.  Any change of address must be reported
12  promptly to the court in a separate document captioned for this case and entitled "Notice of
13  Change of Address."  *See* L.R. 182(f).

IT IS SO ORDERED.

Dated:    May 9, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3