UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., <br><br> Plaintiff, <br><br> v. <br><br> C. SOLORANO, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-01096-KJM-JDP (PC) <br><br> **ORDER** <br><br> GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME <br><br> ECF No. 80 <br><br> **FINDINGS AND RECOMMENDATIONS** <br><br> THAT DEFENDANTS' PARTIAL MOTION TO DISMISS BE GRANTED IN PART AND PLAINTIFF'S FIRST MOTION FOR SUMMARY JUDGMENT BE DENIED <br><br> ECF Nos. 58 & 62 <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff alleges that defendants Solorano and Morris violated his Eighth Amendment rights by failing to protect him from an assault by other inmates. ECF No. 30 at 3-4, 6. He also alleges that Warden Rick Hill and a "Doe" defendant who has not been served violated his rights under California tort law and the California constitution in connection with the same assault. *Id.* at 8-12. Now pending are defendants' partial motion to dismiss and plaintiffs' motions for summary judgment. ECF Nos. 58, 62, & 79. I recommend, for the reasons stated hereafter, that the partial motion to dismiss be granted in part and plaintiff's first motion for summary judgment

be denied.  The second motion for summary judgment will be considered after briefing is complete.

### Defendants' Partial Motion to Dismiss

Defendants argue that plaintiff's claims for violating his rights under the California constitution, Government Act § 844.6(d), and California Civil Code § 1714 should be dismissed. ECF No. 58-1 at 4.  I agree that the claims under the California constitution and Government Act § 844.6(d) should be dismissed.  I decline, however, to recommend that the claims under California Civil Code § 1714 be dismissed.

I.     Legal Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement" but requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

II.     Analysis

As to the alleged violations of the California constitution, defendants argue that the operative complaint is too vague to proceed. They note that the California constitution contains over three hundred sections and the complaint does not specify which were allegedly violated. *Id.* at 5. In his opposition, plaintiff argues that his California constitutional claims are premised on article 1, section 7 (due process and equal protection) and article 1, section 17 (cruel and unusual punishment). ECF No. 68 at 1. In their reply, however, defendants correctly note that these specific provisions of the California constitution were not pled in the actual complaint, and new claims may not be raised in an opposition. *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (holding that district court properly rejected the plaintiff's attempt to add new factual allegations in a response to a summary judgment motion because those new allegations did not provide opposing party with adequate notice under Rule 8). Under local rules, a complaint must be complete in itself; claims raised across multiple filings are not permitted. *See* Local Rule 220 (holding that amended pleadings must be complete in itself without reference to other, previous filings). Accordingly, plaintiff's claims arising under the California constitution should be dismissed without prejudice to renewal.

Plaintiff's claims arising under Government Code § 844.6(d) should also be dismissed because, as defendants argue, that provision does not provide an independent basis for a claim. *See Baker v. Yates*, No. 1:12-cv-00126-LJO-SAB, 2013 U.S. Dist. LEXIS 51207, *9-10 (E.D. Cal. April 8, 2013) ("Section 844.6(d) merely states that '[n]othing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission.' Section 844.6(d) does not establish an independent cause of action for any of the conduct alleged in Plaintiff's complaint.").

Finally, I decline to recommend dismissal of any claims based on California Civil Code § 1714. Defendants' brief indicates that they are requesting such dismissal, ECF No. 58-1 at 4, but their arguments address only the California constitutional claims and those claims arising under California Government Code § 844.6(d), *id.* at 5.

**Plaintiff's Motions for Summary Judgment**

Plaintiff has filed two motions for summary judgment, ECF Nos. 62 & 79, the first of which should be denied and the latter of which will not be taken up until briefing is complete.

I.  Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the

moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

II. Analysis

Plaintiff's first motion, ECF No. 62, which runs five pages in length (including a declaration), does little more than restate his claims. It does not establish the absence of a genuine issue of material fact. Plaintiff does reference video evidence, which he claims proves his allegations, but that evidence is not attached to the motion, and I therefore cannot consider it. Accordingly, this motion should be denied.

Plaintiff's second motion for summary judgment, ECF No. 79, is not yet fully briefed, and I

1  will defer ruling on it.  Defendants' motion for extension of time to file an opposition, ECF No.
2  80, is granted and their opposition is due thirty days from the date of this order's entry.  Plaintiff's
3  reply, if any, is due fourteen days after the opposition is filed.

**Conclusion**

5      Accordingly, it is ORDERED that defendants' motion for extension of time, ECF No. 80, is
6  GRANTED and their opposition is due thirty days from this filing's entry on the docket.
7  Plaintiff's reply, if any, is due fourteen days after that opposition is filed.
8      Further, it is RECOMMENDED that:
9      1.  Defendants' partial motion to dismiss be GRANTED IN PART and plaintiff's claims
10 arising under the California constitution and Government Code § 844.6(d) be dismissed without
11 prejudice.
12     2.  Plaintiff's motion for summary judgment, ECF No. 62, be DENIED.
13      These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
15 service of these findings and recommendations, any party may file written objections with the
16 court and serve a copy on all parties.  Any such document should be captioned "Objections to
17 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
18 within fourteen days of service of the objections.  The parties are advised that failure to file
19 objections within the specified time may waive the right to appeal the District Court's order.  *See*
20 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
21 1991).

IT IS SO ORDERED.


Dated:   July 19, 2024                            _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE