UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., | Case No. 2:22-cv-01096-KJM-JDP (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| v. | THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED |
| C. SOLORANO, *et al.*, | ECF No. 79 |
| Defendants. | |

Plaintiff brings this case alleging that defendants violated his Eighth Amendment rights by failing to protect him from an attack by other inmates. ECF No. 30 at 3-4, 6. He also alleges that an unnamed officer defendant failed to summon medical staff after the attack. *Id.* at 9. Pending is his motion for summary judgment, ECF No. 79, to which defendants have filed an opposition, ECF No. 93. I recommend that plaintiff's motion be denied.

A. <u>Legal Standards</u>

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,

1

1  while a fact is material if it "might affect the outcome of the suit under the governing law."
2  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818
3  F.2d 1422, 1436 (9th Cir. 1987).

4  Rule 56 allows a court to grant summary adjudication, also known as partial summary
5  judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.
6  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule
7  56 authorizes a summary adjudication that will often fall short of a final determination, even of a
8  single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a
9  motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R.
10 Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

11 Each party's position must be supported by (1) citations to particular portions of materials
12 in the record, including but not limited to depositions, documents, declarations, or discovery; or
13 (2) argument showing that the materials cited do not establish the presence or absence of a
14 genuine factual dispute or that the opposing party cannot produce admissible evidence to support
15 its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider
16 other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R.
17 Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1031 (9th Cir.
18 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

19 "The moving party initially bears the burden of proving the absence of a genuine issue of
20 material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the
21 moving party must either produce evidence negating an essential element of the nonmoving
22 party's claim or defense or show that the nonmoving party does not have enough evidence of an
23 essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
24 *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this
25 initial burden, the burden then shifts to the non-moving party "to designate specific facts
26 demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
27 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than
28 the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence."  *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

<u>Analysis</u>

Plaintiff's motion for summary judgment is little more than a restatement of his claims and fails to establish the absence of genuine issues of material fact.  By way of support, he offers only his own declaration, ECF No. 79 at 5-6, a statement of undisputed facts, *id.* at 3-4, and several exhibits, none of which proves his claims.  The first exhibit is an internal prison memorandum finding no violation of CDCR policy with respect to the incident at issue.  *Id.* at 10-11.  The second is a reproduction of defendant Solorzano[1] and Hill's discovery responses, none of which are specifically emphasized or obviously dispositive of plaintiff's claims, *id.* at 12-37.  Third is plaintiff's request for surveillance video, *id.* at 38, but no video is provided with the motion.  Fourth is a cursory rejection of plaintiff's interrogatories to non-defendants.  *Id.* at 39. Fifth is plaintiff's prison grievance concerning the attack.  *Id.* at 40.  The sixth exhibit is the prison report of the attack incident, which does not show or suggest that defendants acted improperly.  *Id.* at 42-52.  Seventh is a medical report of plaintiff's injuries.  *Id.* at 53-56.  The

---

[1] The name appears on the docket as "Solorano."  I will direct the Clerk of Court to change the docket to reflect the proper spelling.

1  eighth and ninth exhibits are holding cell logs. *Id.* at 57-58. The tenth and final exhibit is
2  plaintiff's settlement conference statement. *Id.* at 59-62. I have reviewed these exhibits and
3  conclude that, taken together, they fail to show that plaintiff is entitled to summary judgment.
4  They establish that an incident occurred, but not that defendants violated plaintiff's rights in
5  connection therewith. Neither do these exhibits entitle plaintiff to summary judgment on his
6  claim for failure to summon medical attention.

7  Defendants' opposition persuades me that denial of plaintiff's motion is appropriate.
8  Defendants dispute that they were aware of any substantial risk to plaintiff's safety. ECF No. 93
9  at 6-9. Defendants Morris and Solorzano have filed their own statement of disputed facts,
10 contradicting certain of plaintiff's undisputed facts. ECF No. 93-5. Both defendants have also
11 filed declarations attesting to their proper conduct in connection with the incident. ECF Nos. 93-
12 2 & 93-3.

13 In light of the foregoing, I find that plaintiff has failed to shoulder his initial burden of
14 showing the absence of a genuine issue of material fact.

## Conclusion

16 It is ORDERED that the Clerk of Court shall alter the docket to reflect that defendant
17 "Solorano" is appropriately "Solorzano."

18 Further, I RECOMMEND that plaintiff's motion for summary judgment, ECF No. 79, be
19 DENIED.

20 These findings and recommendations are submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
22 service of these findings and recommendations, any party may file written objections with the
23 court and serve a copy on all parties. Any such document should be captioned "Objections to
24 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
25 within fourteen days of service of the objections. The parties are advised that failure to file
26 objections within the specified time may waive the right to appeal the District Court's order. *See*
27 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
28 1991).

IT IS SO ORDERED.

Dated:   September 16, 2024                     /s/ Jeremy Peterson
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE